MATHEWS, Justice.
This is an appeal from a final decree in chancery wherein certain claims of Philip Ettinger and Louis Easton, co-partners, doing business as Ace Discount Co., and the priority thereof were fixed and determined. From this record it appears that the appellant entered into an agreement with Carribbean Sportswear, Inc. whereby appellant agreed to guarantee the payment of certain goods and merchandise purchased by Caribbean Sportswear, Inc. The agreement was in writing and was never recorded at any place until the time of the institution of suit. The goods and merchandise consisted of “raw merchandise” and the agreement provided that the title should remain in the appellant “in all transitory stages while the raw material *683 was being converted into completed garments,” and that the privilege granted to convert such merchandise into completed garments should in no way affect the trust relationship or the title.
Ace Discount Co., one of the appellees, loaned to Caribbean Sportswear, Inc. sums of money to carry on its business and as security obtained from Ace Discount Co., an assignment of accounts receivable and a promissory note secured by a chattel mortgage, encumbering the machinery and equipment. The assignment of accounts was recorded pursuant to Chapter 524 F.S.A. and the chattel mortgage was recorded in Dade County.
Caribbean Sportswear, Inc. defaulted on its loan to Ace Discount Co., and also with the appellant. The- appellant then started suit in equity for the amount claimed to be due him and asked for the appointment of a receiver. Ace Discount Co. was permitted to intervene. The cause was referred to a master and after testimony and a full hearing, the master made his report which contained the following:
“In the garment industry, financing is considered a paramount problem. Although manufacturers often times secure guaranties, loans or credit for the purchase of raw materials, this type of financing is inadequate, and there has arisen the need for further financing to permit operation and manufacture once the raw materials are obtained. To meet this financing problem, manufacturers whose finished products, when sold, result in accounts receivable, have sought ways and means of selling and assigning those accounts receivable to supply them with additional funds with which to carry on their manufacturing business. These accounts receivable have been factored through various lenders and lending institutions. It became apparent that in order to secure protection and security which would permit a continuance of the factoring of accounts receivable, laws must be adopted to protect the purchasers of such accounts. Thus was created Statutes similar to that adopted by the legislature of the State of Florida in 1947, which we know by the title ‘Accounts Receivable’, and as Sections 524.01-524.06 of Florida Statutes Annotated. Ace Discount Company, upon purchase and entering into a contract with Caribbean Sportswear, Inc., for the purchase of its accounts receivable, complied with this Statute and thus became a protected assignee. The Plaintiff, Irving Hutt, who had the means of protecting himself, failed to use the means available for that purpose, and having permitted or sanctioned assignment of accounts receivable by Caribbean Sportswear, Inc., he cannot now be heard to complain that a protected assignee has rights inferior to his. To permit or sanction contracts giving or granting priorities or superi- or rights, such as was attempted in the contract entered into between Irving Hutt and Caribbean Sportswear, Inc., would invite fraud and deceit as against protected assignees who lend money or purchase accounts receivable, and the door shoud be closed to any avenue leading in that direction. * * *
“It is the opinion of your Master that whether the amounts due to the Plaintiff, Irving Hutt, and to the Inter-venor, Ace Discount Company, are considered liens or claims, that Ace Discount Company has a lien or claim which is entitled to first repayment out of the assets of Caribbean Sportswear, Inc., and thus entitled to first priority; and that Irving Hutt has a lien or claim for the amount due to him of secondary dignity or priority.”
The final decree found that the amount due to Ace Discount Co. was $2,405.21, and that such amount was the lien or claim entitled to first payment and first priority and that the claim of Irving Hutt, appellant herein, constituted a lien for the amount due to him of secondary dignity or priority to the lien of Ace Discount Co.
We find no reversible error in the record.
Affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ„ concur.